FILED

2009 MAR 27 P 3:01

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  Nicholas J. Bontrager, Esq. (SBN 252114)
   Michael S. Agruss, Esq. (SBN 259567)
2  Ryan Lee, Esq. (SBN 235879)
   Krohn & Moss, Ltd.
3  10635 Santa Monica Blvd., Suite 170
   Los Angeles, CA 90025
4  Tel: (323) 988-2400 ext. 229
   Fad: (866) 802-0021
5  nbontrager@consumerlawcenter.com

6  Attorneys for Plaintiff, JULIE LAWRANCE

7

8       UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10

11 JULIE LAWRANCE.                    )  Case No.:
                                      )
12           Plaintiff,               )  **VERIFIED COMPLAINT AND DEMAND**
                                      )  **FOR JURY TRIAL**
13      vs.                           )
                                      )  **(Unlawful Debt Collection Practices)**
14 RICKENBACKER GROUP, INC.           )
                                      )
15           Defendant.               )
                                      )
16 _____   )

17                              **COMPLAINT**

18        COMES NOW the Plaintiff, JULIE LAWRANCE (hereinafter "Plaintiff"), by and

19 through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against

20 Defendant, RICKENBACKER GROUP, INC. (hereinafter "Defendant"), alleges and

21 affirmatively states as follows:

22                              **INTRODUCTION**

23        1.    The United States Congress has found abundant evidence of the use of abusive,

24 deceptive, and unfair debt collection practices by many debt collectors, and has determined that

25 abusive debt collection practices contribute to the number of personal bankruptcies, to marital

                                        - 1 -

1   instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

2   Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

3   abusive debt collection practices by debt collectors, to insure that those debt collectors who

4   refrain from using abusive debt collection practices are not competitively disadvantaged, and to

5   promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C.

6   1692(a) – (e)).

7        2.        The California legislature has determined that the banking and credit system and

8   grantors of credit to consumers are dependent upon the collection of just and owing debts and

9   that unfair or deceptive collection practices undermine the public confidence that is essential to

10  the continued functioning of the banking and credit system and sound extensions of credit to

11  consumers. The Legislature has further determined that there is a need to ensure that debt

12  collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights

13  and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

14  (Cal. Civ. Code §1788.1(a) – (b)).

15       3.        Plaintiff, through her attorneys, brings this action to challenge the actions of

16  Defendant with regard to attempts by Defendant, a debt collector, to unlawfully and abusively

17  collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

18       4.        For the purposes of this Petition, unless otherwise indicated, "Defendant"

19  includes all agents, employees, officers, members, directors, heirs, successors, assigns,

20  principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this

21  caption.

22                              **JURISDICTION AND VENUE**

23       5.        Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

24  such actions may be brought and heard before "any appropriate United States district court

25

- 2 -

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1  without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental

2  jurisdiction over the state claims contained therein.

3    6.    Because Defendant conducts business in the State of California, personal

4    jurisdiction is established.

5    7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

6    8.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

7                              **PARTIES**

8    9.    Plaintiff is a natural person who resides in the Albuquerque, New Mexico and is

9  obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15

10  U.S.C. 1692a(3).

11    10.    Plaintiff is a natural person from whom a debt collector sought to collect a

12  consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a

13  "debtor" as that term is defined by California Civil Code § 1788.2(h).

14    11.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a

15  national company with a business headquarters in Morgan Hill, County of Santa Clara, State of

16  California.

17    12.    Plaintiff is informed and believes, and thereon alleges, that Defendant uses

18  instrumentalities of interstate commerce or the mails in any business the principal purpose of

19  which is the collection of any debts, or who regularly collects or attempts to collect, directly or

20  indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as

21  that term is defined by 15 U.S.C. § 1692a(6).

22    13.    Plaintiff is informed and believes, and thereon alleges, that Defendant is not a

23  firm of attorneys or counselors at law and is a company who, in the ordinary course of business,

24  regularly, on behalf of itself or others, engages in debt collection as that term is defined by

25  California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

14.     Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15.     Upon information and belief, Defendant is attempting to collect a debt relating to towing and storage charges for a vehicle formerly owned by Plaintiff (see Exhibit A).

16.     Plaintiff did not own the vehicle at the time of towing (see Exhibit B).   Thus, Plaintiff does not owe the alleged debt.

17.     Defendant failed to properly identify itself as a debt collector in subsequent communications with Plaintiff.

18.     Defendant threatened to report Plaintiff to credit bureaus.

19.     Due to Defendant's actions, Plaintiff made payment to Defendant (see Exhibit C).

## COUNT I

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

1.  Defendant violated the RFDCPA based on the following:

    a.  Defendant violated *§1788.11(b)* of the RFDCPA when Defendant placed telephone calls to Plaintiff without disclosing Defendant's identity.

    b.  Defendant violated *§1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

    c.  Defendant violated *§1788.11(e)* of the RFDCPA when Defendant placed collection calls to Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances.

    d.  Defendant violated *§1788.13(f)* of the RFDCPA when Defendant falsely represented that information regarding the alleged debt would be reported to a consumer reporting agency.

- 4 -

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

e. Defendant violated *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

2. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit D).

WHEREFORE, Plaintiff, JULIE LAWRANCE, respectfully requests judgment be entered against Defendant, THE RICKENBACKER GROUP, INC., for the following:

3. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

4. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b),*

5. Actual damages,

6. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c),* and

7. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

8. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

9. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the Defendant's identity.

c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the

- 5 -

amount of the debt because Defendant is attempting to collect a debt Plaintiff does not owe.

d.   Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive means to collect a debt because Defendant is attempting to collect a debt Plaintiff does not owe and threatened to report Plaintiff to credit bureaus.

e.   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

10.   As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit D).

WHEREFORE, Plaintiff, JULIE LAWRANCE, respectfully requests judgment be entered against Defendant, THE RICKENBACKER GROUP, INC., for the following:

11. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

12. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

13. Actual damages,

14. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

15. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED

DATED: March 23, 2009                         KROHN & MOSS, LTD.

By:   _____
Nicholas J. Bontrager
Attorney for Plaintiff

- 6 -

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1

### DEMAND FOR JURY TRIAL

2        PLEASE TAKE NOTICE that Plaintiff, JULIE LAWRANCE, demands a jury trial in

3 this case.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1

2     **VERIFICATION OF COMPLAINT AND CERTIFICATION**

3   STATE OF _____ )

4      Plaintiff, JULIE LAWRANCE, states as follows:

5     1.   I am the Plaintiff in this civil proceeding.

     2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe
6         that all of the facts contained in it are true, to the best of my knowledge, information
        and belief formed after reasonable inquiry.

7     3.   I believe that this civil Complaint is well grounded in fact and warranted by existing
        law or by a good faith argument for the extension, modification or reversal of existing
8         law.

     4.   I believe that this civil Complaint is not interposed for any improper purpose, such as
9         to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
        needless increase in the cost of litigation to any Defendant(s), named in the
10        Complaint.

     5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
11     6.   Each and every exhibit I have provided to my attorneys which has been attached to
        this Complaint is a true and correct copy of the original.
12     7.   Except for clearly indicated redactions made by my attorneys where appropriate, I
        have not altered, changed, modified or fabricated these exhibits, except that some of
13        the attached exhibits may contain some of my own handwritten notations.

14   Pursuant to 28 U.S.C. § 1746(2), I, JULIE LAWRANCE, hereby declare (or certify, verify or
    state) under penalty of perjury that the foregoing is true and correct.
15

16

17                           _____

18                               JULIE LAWRANCE

19

20                 DATE _19 March 2009_

21

22

23

24

25

                           - 6 -

            COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Department 804
PO BOX 4115
CONCORD CA  94524

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

# RICKENBACKER
# COLLECTION
# SERVICES
A NATIONAL COLLECTION AGENCY

15005 CONCORD CIRCLE
MORGAN HILL, CA 95037
(800) 573-8774
"SE HABLA ESPANOL"
Hours: Monday-Friday 9:00am-8:00pm EST
February 27, 2009

Address Service Requested

#BWNFTZF #RBC4884069009026#

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

JULIE E LAWRANCE - 590188-3
401 14th St SW Apt 14
Albuquerque NM 87102-2871

ACCOUNT NO: 590188-3
RE: EL PASO TOWING
TAG NO: 442405
AMOUNT:          $2,026.58
INTEREST:             $.00
OTHER:               $.00

TOTAL:           $2,026.58

Dear JULIE E LAWRANCE,

Your account has been assigned to RICKENBACKER COLLECTIONS for processing.

DMV records show you as the responsible party for a 93 MERCURY SABLE towed on 05/26/07.

The vehicle was disposed of or sold at auction and did not cover all towing and storage expenses. The $2,026.58 balance is your responsibility. If you have insurance please have them call us at once or send your payment in full.

If you have any questions please call 800-573-8774 for assistance.

Sincerely,

KAY OLSEN
(800)-573-8774 EXT. 7770

You may also pay online by visiting www.payrcs.com

**This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**This communication is from a debt collector.**

....................................................................................................
DETACH HERE - RETURN THIS STUB WITH YOUR PAYMENT

Card Type: (___) VISA [VISA]       (___) MC [MC]       (___) AMEX [AMERICAN EXPRESS]

Amount Enclosed: $ _____

Credit Card#: _____        Exp Date: _____

Signature: _____        Home Phone: _____

Cardholder Name: _____        Work Phone: _____

JULIE E LAWRANCE
401 14th St SW Apt 14
Albuquerque NM 87102-2871

RICKENBACKER COLLECTIONS
15005 CONCORD CIRCLE
MORGAN HILL, CA 95037

**TOTAL DUE: $2,026.58**
ACCOUNT NUMBER: 590188-3

||||||||||||||||||||||||||||||||||||||||||||||||||||||

RBC1A2-0227A300127-JX04-2 1047

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

# PURCHASE AGREEMENT

**CASA** CHEVROLET

PURCHASER  JULIE E LAWRANCE

ADDRESS  401 14 TH STREET SW APT 14   RES. (505)242-0448
ALBUQUERQUE, NM   87102   BUS. (505)863-6162

CITY   ZIP

SALESMAN  FOSS JR,DAVID   DATE  05/04/2007

7201 Lomas Blvd. NE • Albuquerque, NM 87110
(505) 262-8600

I hereby agree to purchase from you under the terms and conditions specified below and on the reverse side hereof, the following:

| | | | |
|---|---|---|---|
| NEW XX | YEAR 2007 | MAKE CHEVROLET | MODEL AVEO | SERIES | D | SERIAL NUMBER KL 1 T D 5 6 6 7 7 B 0 6 4 1 4 1 |
| DEMO | | | |
| USED | EXTERIOR ICELANDIC BLUE | MILEAGE 619 | APPROXIMATE DELIVERY DATE 05/04/2007 | STOCK NUMBER 7A6676 | DEAL NUMBER 167557 |

## WORK/EQUIPMENT PROMISED

| | |
|---|---|
| | **SELLING PRICE** 12840.00 |
| | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | **GAP INSURANCE** 599.00 |
| N/A | N/A |
| N/A | N/A |

CASA CHEVROLET and the customer have agreed upon the above listed work to be done to the vehicle and there have been no other representations made for items to be added or deleted on this purchase.

Purchaser's Signature

| | N/A |
| | N/A |
| | N/A |

Purchaser warrants (guarantees) (a) that there are no liens on the Trade-In vehicle and that Purchaser owes no one any money for the vehicle or repairs to the vehicle, except as may be shown on the face of this agreement; (b) that the vehicle has not been declared damaged or has insurance dated title or has been declared a total loss for insurance purposes.

I understand that if my pay-off on my trade-in is more than the contracted price, I will pay any and all shortages immediately upon request to provide a clear Title. I also agree to provide CASA CHEVROLET immediately with the title to my trade-in.

Purchaser's Signature

| | |
|---|---|
| **TOTAL PRICE OF VEHICLE** | 13439.00 |
| FILING FEE | 5.50 |
| **TRADE-IN ALLOWANCE** | 250.00 |
| **TRADE DIFFERENCE** | 13194.50 |
| TAX & LICENSE | 449.51 |
| DEALER SERVICE TRANSFER FEE | 179.00 |
| **TOTAL DELIVERED PRICE** | 13823.01 |
| **FACTORY REBATE** | 500.00 |
| | N/A |
| Less Partial Payment | N/A |
| CASH BALANCE DUE PLUS ANY AMOUNT OWED ON TRADE-IN | 13323.01 |
| | N/A |
| **TOTAL BALANCE DUE** | 13323.01 |

## DESCRIPTION OF TRADE-IN

| YEAR 1993 | MAKE MERC | MODEL 1500 |
|---|---|---|

ODOMETER MILEAGE 101239   SERIAL NO. M 1 0 J 4 P R 6 5 1 4 7 9

BALANCE OF TRADE-IN OWED TO  N/A

APPROXIMATE PAY-OFF  N/A

## WARRANTY INFORMATION

_____ (Buyer initials) NEW VEHICLES AND DEMONSTRATIONS: THIS VEHICLE IS SOLD WITH A MANUFACTURER'S LIMITED WARRANTY. THE MANUFACTURER'S LIMITED WARRANTY IS BUYER'S EXCLUSIVE REMEDY FOR ANY DEFECTS IN THE VEHICLE. DEALER MAY PERFORM REPAIRS UNDER THE MANUFACTURER'S LIMITED WARRANTY, BUT DEALER IS NOT RESPONSIBLE FOR THE MANUFACTURER'S LIMITED WARRANTY OR FOR ANY IMPLIED WARRANTIES MADE BY THE MANUFACTURER. DEALER MAKES NO WARRANTY ON THIS VEHICLE AND DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. IF ANY WARRANTY IS DEEMED TO HAVE BEEN MADE BY DEALER, OR IF THIS VEHICLE IS SOLD WITH A SERVICE CONTRACT, THEN WARRANTY OR SERVICE CONTRACT ARE AS PROVIDED THEREIN, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ARE LIMITED TO THE DURATION OF SUCH WARRANTY OR SERVICE CONTRACT, AND BUYER'S EXCLUSIVE REMEDY IS REPAIR OR REPLACEMENT OF DEFECTIVE PARTS BY DEALER.

_____ (Buyer initials) USED VEHICLES: *NEW MEXICO LAW REQUIRES THAT THIS VEHICLE WILL BE FIT FOR THE ORDINARY PURPOSES FOR WHICH THE VEHICLE IS USED FOR FIFTEEN DAYS OR FIVE HUNDRED MILES AFTER DELIVERY, WHICHEVER IS EARLIER, EXCEPT WITH REGARD TO PARTICULAR DEFECTS DISCLOSED ON THE FIRST PAGE OF THIS AGREEMENT. YOU (THE CONSUMER) WILL HAVE TO PAY UP TO TWENTY-FIVE DOLLARS ($25.00) FOR EACH OF THE FIRST TWO REPAIRS (IF THE WARRANTY IS VIOLATED.*THIS VEHICLE IS OTHERWISE SOLD AS IS (AFTER 15 DAYS OR 500 MILES), WITHOUT ANY FURTHER WARRANTY, EXPRESS OR IMPLIED, UNLESS A FURTHER WARRANTY IS GIVEN IN WRITING BY DEALER. IF ANY FURTHER WARRANTY IS GIVEN IN WRITING BY DEALER, OR IF THIS VEHICLE IS SOLD WITH A SERVICE CONTRACT, THEN THE TERMS OF SUCH FURTHER WARRANTY OR SERVICE CONTRACT ARE AS PROVIDED THEREIN, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ARE LIMITED TO THE DURATION OF SUCH WRITTEN WARRANTY OR SERVICE CONTRACT, AND BUYER'S EXCLUSIVE REMEDY IS REPAIR OR REPLACEMENT OF DEFECTIVE PARTS BY DEALER.

USED VEHICLES: ATTENTION CONSUMER: Sign here only if the dealer has told you that this vehicle has the following problems and you agree to buy the vehicle on those terms:

1. _____ 2. _____ 3. _____

Consumer Signature: _____

ALL VEHICLES: DEALER IS NOT LIABLE FOR INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF THIS SALE OR THE USE OF THIS VEHICLE, INCLUDING BUT NOT LIMITED TO LOSS OR USE, LOSS OF TIME, INCONVENIENCE, TRANSPORTATION, RENTAL, LOSS OF EARNINGS OR PROFITS, OR ANY COMMERCIAL LOSS. (This paragraph only applies after expiration of New Mexico's automatic 15-day/500-mile implied warranty in the case of used vehicles.)

USED VEHICLES AND DEMONSTRATORS: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Purchaser agrees that this agreement includes all of the terms and conditions on both the face and reverse side hereof, that this agreement cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement related to the subject matter hereby, and that THIS AGREEMENT SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE and then in accordance with terms and conditions on the back of this agreement. Purchaser by his execution of this agreement certifies he is of majority age and acknowledges that he has read its terms and conditions and has received a true copy of this agreement. On a credit transaction the purchaser(s) offer is not accepted and the transaction is not consummated until (a) approved in writing by Dealer and a responsible Bank or Finance Company and (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an Installment Sale Contract.

DISCLAIMER OF WARRANTIES

All warranties, if any, by a manufacturer or supplier other than CASA CHEVROLET are theirs, not dealer's, and only such manufacturer or other supplier shall be liable for performance under such warranties. Unless CASA CHEVROLET furnishes buyer with a separate written warranty or service contract made by CASA CHEVROLET, on its own behalf, CASA CHEVROLET hereby disclaims all warranties, express or implied, including any implied warranties of merchantability or fitness for a particular purpose; (e) on all goods and service sold by CASA CHEVROLET; and (b) on all used vehicles which are hereby sold "as is" — not expressly warranted or guaranteed.

**OFFSITE SALE DISCLAIMER** *(Does not apply to sales made at CASA locations)*
You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right.

SEE REVERSE SIDE BEFORE SIGNING

PURCHASER'S SIGNATURE   05/04/2007   ACCEPTED BY
   DATE   DEALER OR HIS AUTHORIZED REPRESENTATIVE

White - Accounting  •  Canary - MVD  •  Pink - Customer   Form C-5000   Rev. 6/04   Rio Rancho Printing 505-892-8555

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT C</u>**

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Close Window

Please print for your records

**Transaction Detail**

RICKENBACKER GROUP, IN GILROY CA

| | |
|---|---|
| Transaction Date | 03/18/2009 |
| Post Date | 03/20/2009 |
| Transaction Amount | $1585.00 |
| Reference Number | MT090790106000010036624 |
| Merchant Type | Merchants that provide business and trade services that typically are not considered professions. Examples of companies and Sercies include publishing |
| Method Card Number Captured | 81 – Card number entered via the Internet or electronically |
| Card Presence | 5 – Card not present at time of sale – Internet Transaction |

Billing Dispute Information

Close Window

1
2
3
4
5
6                     **<u>EXHIBIT D</u>**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — YES / **NO**
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____

_____

_____

_____

_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _19 March 2009_

_____
Signed Name

_Julie Lawrance_
Printed Name